UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE L. STANEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 1:04cv0118 TCM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), is before the Court[1] on the opposed motion of plaintiff, Jamie L. Stanek, to amend her complaint to request an award of damages in excess of the amount set forth in her administrative claim.

## Background

The underlying incident giving rise to the instant claim is an automobile accident on June 7, 2002. (Compl. ¶¶ 6-9.) A car driven by a United States Postal Service employee collided with that driven by Plaintiff, resulting in injuries to Plaintiff. (Id. ¶¶ 3, 9, 11.) The employee's negligence is allegedly the cause of the collision. (Id. ¶ 10.)

The parties agree that: (1) Plaintiff filed her FTCA claim on March 28, 2004, requesting $650,000.00 in damages; (2) at that time, she was still under medical treatment; (3) after her claim was denied, she filed the instant case on September 2, 2004; (4) in June 2005, she was diagnosed by Dr. J. Pervis Milnor, III, with chronic regional pain syndrome, type I; (5) in September, she was found to be totally disabled by the Social Security Administration; and (6)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

her counsel provided the Government's counsel with the copies of the documentation and reports of the medical experts and providers after receipt of same and, more than 60 days prior to filing the pending motion, informed counsel of her intent to seek damages in excess of the amount requested in her administrative claim.

The parties do not agree that "the nature and extent of her permanent disability and the determination of proper and appropriate course of future medical treatment and the cost thereof were not reasonably discoverable by her at the time of the filing of the claim" or that the amendment of her claim would result in no undue hardship to the Government but would result in a miscarriage of justice to her. (Mot. ¶¶ 6, 8.)

**Discussion**

Title 28 U.S.C. § 2765(b) "provides that the amount of the claim presented to a federal agency limits the claimant's recovery in a subsequent FTCA lawsuit,

> 'except where the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.'"

**Michels v. United States**, 31 F.3d 686, 687-88 (8th Cir. 1994) (quoting § 2675(b)).

In **Michels**, the district court had allowed the plaintiff to move *at trial* to increase his FTCA claim based on the worsening condition of his left leg, injured when the motorcycle he was driving collided with a car vehicle by an employee of a federal agency. The Government appealed. The Eighth Circuit Court of Appeals specifically rejected the Government's argument that the claim could not be amended based only the worsening of his injuries because his treating physician had predicted that such might develop. The court noted that the statute

did "not say that an unforeseen additional injury may qualify for § 2675(b) relief, but an unforseen worsening of a known injury may not." **Id.** at 688. The court agreed with the Government, however, that a § 2675(b) motion to increase an FTCA claim in litigation should be denied "when existing medical evidence and advice put the claimant on fair notice to guard against the worst-case scenario." **Id.** at 688. The court further agreed with decisions of other circuits that "a known injury can worsen in ways not reasonably discoverable by the claimant and his or her treating physician" and, if so, warrant an increased FTCA claim, **id.** at 688-89 (interim quotations omitted), and affirmed the district court's decision to permit the claimant to amend his claim.

Similarly, the Seventh Circuit Court of Appeals rejected the Government's argument in **Zurba v. United States**, 318 F.3d 736, 739-40 (7th Cir. 2003), that the presence of some symptoms before the filing of an FTCA administrative claim foreclosed a plaintiff's attempt at trial to increase the amount of her claim. The plaintiff sought damages for injuries she had sustained when struck by a car driven by a federal agent. She testified at trial that she suffered from nightmares, fear of the dark, and fear of being left alone immediately after the accident and that her doctor had advised her, before she filed her administrative claim, that psychotherapy might be helpful. **Id.** at 739. Shortly before discovery closed, she consulted a psychotherapist for the first time and presented evidence at trial that she suffered from anxiety and adjustment disorders. **Id.** at 738. The court agreed with the Eighth Circuit that "[a]n unforeseen worsening of a known injury may constitute 'newly discovered evidence' or 'intervening facts' under § 2675(b)" and found that the district court could reasonably have

concluded that the plaintiff's emotional injuries worsened in a way that was not reasonably discoverable at the time her claim was filed. **Id.** at 739-40 (alteration added).

In the instant case, Plaintiff was recently diagnosed with chronic, or complex, regional pain syndrome, type 1. "People with this syndrome still have severe, often burning pain long after the time when their injuries should have healed." Complex Regional Pain Syndrome, http://familydoctor.org/238.xml. "The key symptom of [complex regional pain syndrome] is continuous, intense pain out of proportion to the severity of the injury (if an injury has occurred), which gets worse rather than better over time." Reflex Sympathetic Dystrophy Syndrome Fact Sheet, http://www.ninds.nih.gov/disorders/reflex_sympathetic_dystrophy/detail_reflex_sympathetic. Thus, it appears to be a crucial key in the diagnosis of the syndrome that a period of time after the initial injury has passed. Such a diagnosis may be "newly discovered evidence" under § 2675(b).

Accordingly, Plaintiff will be granted leave to amend her claim to seek damages in the amount of $5,150,000.00. The issue of "when existing medical evidence and advice put the claimant 'on fair notice to guard against'" against this syndrome, see **Michels**, 31 F.3d at 688, may be visited at trial.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend claim pursuant to 28 U.S.C. § 2675(b) is **GRANTED**. [Doc. 18]

/s/ Thomas C. Mummert, III  
THOMAS C. MUMMERT, III  
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of  November, 2005